Louis L. Friedman, J.
In this derivative stockholders ’ action, plaintiffs move to examine the defendant corporation before trial by one Case, “ its former president, chief executive officer, a director and a defendant herein. ’ ’
Defendant objects generally to the examination on the ground that the complaint is conclusory in nature and the allegations contained therein are based upon information and belief. In the absence of a motion directly attacking the sufficiency of a pleading an examination will be granted unless the pleading is patently insufficient (Matter of Ryder, 275 App. Div. 994) or where the insufficiency is obvious, clear and free from doubt. The complaint does not fall within such category or exception to the rule. However, the objection relating to the witness by whom it shall be examined is properly taken. See Gross v. Price (2 A D 2d 707) where the court held that a defendant should not in the first instance be required to produce for such examination any specific officer or officers chosen by the examining party.
Accordingly, the motion is granted as to all the items, except that item No. 3 is modified to read: “ All the facts and circumstances relative to the corporation’s purposes and objectives in discounting the first mortgage to the extent of $3,192,309.16.” Defendant is to produce for such examination, a person familiar with the circumstances involved herein. If, after the examination of the person or persons submitted by the defendant, it shall appear that an examination of Case either as a director or as a hostile witness is necessary, application therefor may be made to this court (Gross v. Price, supra), and this court will then entertain such application to direct that the corporation be examined by its director Case. Defendant is to produce all books, records and memoranda material and necessary to the examination as granted and in accordance with section 296 of the Civil Practice Act.
Settle order on notice.